**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000560
30-OCT-2012
10:50 AM**

NO. CAAP-12-0000560

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

HALE KIPA, INC., Plaintiff/Counterclaim-Defendant/Appellee,
v.
MABEL LI, Defendant/Counterclaim-Plaintiff/Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-0522)

ORDER GRANTING OCTOBER 1, 2012 MOTION TO
DISMISS APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/
Appellee Hale Kipa, Inc.'s (Appellee Hale Kipa) October 1, 2012
motion to dismiss appellate court case number CAAP-12-0000560 for
lack of jurisdiction (motion), (2) the lack of any memorandum by
Defendant/Counterclaim-Plaintiff/Appellant Mabel Li
(Appellant Li) in opposition to Appellee Hale Kipa's motion, and
(3) the record, it appears that we do not have jurisdiction over
Appellant Li's appeal from the Honorable Rhonda A. Nishimura's

May 8, 2012 judgment because the May 8, 2012 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) 641-1(a) (1993 & Supp. 2011), Rules 54(b) and 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (original emphasis). The finding necessary for certification is "an express determination that there is no just reason for delay . . . for the entry of judgment." HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must

be reduced to a judgment and <u>the [HRCP Rule] 54(b) certification language must be contained therein</u>." <u>Oppenheimer v. AIG Hawaii Ins. Co.</u>, 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphasis added).

Although the May 8, 2012 judgment enters judgment in favor of Appellee Hale Kipa and against Appellant Li as to Appellant Li's counterclaim, the May 8, 2012 judgment does not resolve the multiple causes of action in Appellee Hale Kipa's complaint nor does the May 8, 2012 judgment contain an express finding of no just reason for delay in the entry of judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b). Instead, the May 8, 2012 judgment contains language remanding the remainder of this case to the district court for the adjudication of Appellee Hale Kipa's complaint. Under HRCP Rule 54(b), HRCP Rule 58 and the holding in <u>Jenkins</u>, in order to be appealable, a judgment must either resolve all claims against all parties or contain the finding necessary for certification under HRCP Rule 54(b); otherwise, the judgment is not appealable.

Although the May 8, 2012 judgment contains a statement that there are no other claims by or against any parties in this matter, the Supreme Court of Hawai'i has explained that

> <u>[a] statement that declares "there are no other outstanding claims" is not a judgment</u>. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

<u>Jenkins</u>, 76 Hawai'i at 120 n.4, 869 P.2d at 1339 n.4 (emphasis added). Because the May 8, 2012 judgment does not resolve all

claims, does not dismiss all other claims, and does not contain an express finding of no just reason for delay in the entry of judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b), the May 8, 2012 judgment does not satisfy the requirements for an appealable judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins. Absent an appealable final judgment in this case, Appellant Li's appeal is premature and we lack jurisdiction over appellate court case number CAAP-12-0000560. Therefore,

IT IS HEREBY ORDERED that Appellee Hale Kipa's October 1, 2012 motion to dismiss appellate court case number CAAP-12-0000560 for lack of jurisdiction is granted, and appellate court case number CAAP-12-0000560 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, October 30, 2012.

Presiding Judge

Associate Judge

Associate Judge

-4-